## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **GBOLAGADE BABALOLA,** | : |
| **Plaintiff** | : Civil Action No. 1:08-CV-621 |
| v. | : (Chief Judge Kane) |
| **DONEGAL MUTUAL INSURANCE COMPANY,** | : |
| **Defendant** | : |

### ORDER

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Plaintiff Gbolagade Babalola filed the instant action on April 7, 2008, alleging that Defendant Donegal Mutual Insurance Company breached the terms of a homeowners insurance policy (the "policy") that the Plaintiff had purchased from them. (Doc. No. 1.) Specifically, the Plaintiff claims that the Defendant improperly and in bad faith refused to defend him in a separate lawsuit pending before this Court. (Id.) The underlying action for which Plaintiff sought coverage is Bickford v. Babalola, No. 1:07-CV-2169 (hereinafter Bickford or the "underlying action"), brought against him by his former co-worker Kelly Bickford and her husband Warren Bickford.

The Defendant initially moved to dismiss the Plaintiff's complaint, claiming that there was no coverage for the claims asserted against Plaintiff in the underlying action. (Doc. No. 4 ¶ 2.) The Court agreed with this contention and granted the Defendant's motion in a memorandum and order issued on August 26, 2008, holding: "claims of negligence and negligent infliction of emotional distress in the underlying action were not brought against Plaintiff 'for damages because of bodily injury,' as defined by the policy." (Doc. No. 20 at 9.) Despite this, the Court

granted the Plaintiff an opportunity to amend the complaint to include claims for coverage on other claims that he believed may fall under the insurance policy. (Id. at 9-10.) The Plaintiff filed his amended complaint on August 28, 2008 (Doc. No. 21), which the Defendant has also moved to dismiss (Doc. No. 22.) The Defendant has separately moved to stay discovery pending resolution of the second motion to dismiss. (Doc. No. 24.)

The decision to stay discovery pending resolution of a potentially dispositive motion is within the discretion of the district court. See, e.g., Coastal States Gas Corp. v. Department of Energy, 84 F.R.D. 278, 282 (D. Del. 1979); In re Orthopedic Bone Screw Product Liability Lit., 264 F.3d 344, 365 (3d Cir. 2001). A stay of discovery is not appropriate solely because a motion to dismiss is pending. 19th Street Baptist Church v. St. Peters Episcopal Church, 190 F.R.D. 345, 349 (E.D. Pa. 2000). But, a stay can be proper "where the likelihood that such motion may result in a narrowing or an outright elimination of discovery outweighs the likely harm to be produced by the delay." Id. (quoting Weisman v. Mediq, Inc., No. 95-1831 1995 WL 2736678 at *2 (E.D. Pa. 1995)). The balance favors granting the stay where the pending motion to dismiss disposes of the entire case and where no discovery is needed to rule on such a motion. Weisman, 1995 WL 2736678 at *2 (citing Rae v. Union Bank, 725 F.2d 478, 481 (9th Cir. 1984)). As such, the Court will undertake to balance the competing interests of each party to determine whether the benefits of such a stay outweigh the likely harm to the Plaintiff.

After preliminary review of the pending motion to dismiss and consideration of the parties' competing interests, the Court finds that the balance favors granting a stay of discovery pending resolution of the motion to dismiss. If granted, the pending motion to dismiss would dispose of the entire case against the Defendant, thereby eliminating the need to engage in the

costly discovery that would likely be required to proceed with this action. Additionally, no further discovery is needed to resolve the contract interpretation issues raised in the motion to dismiss.

The Plaintiff cites no authority in support of his opposition to this motion, and does not sufficiently explain any harm or prejudice that would result from staying discovery. The Plaintiff only touches on the subject of potential harm or prejudice in one sentence, stating that "in light of the fact that this matter is related to the Underlying Action, Defendant is simply trying to delay this litigation . . . ." (Doc. No. 33 at 2.) The Court acknowledges the importance of this case with regard to resolution of the underlying action, but the potential delay will do little to prejudice Plaintiff at this point in the proceedings. Further, delaying discovery now may help streamline the process after the motion, ultimately resulting in less delay until final resolution of the case. As such, delay alone will not harm the Plaintiff such that it outweighs the benefits of staying the discovery deadlines at this time.

Rather than focus on potential harm, the Plaintiff mainly argues that the Defendant's request should be denied because the Court verbally denied a similar request at the case management conference prior to resolution of the first motion to dismiss. (Id. at 1.) Despite this, the Court's prior determination does not control resolution of the issue at this juncture. Based on the current circumstances of the case and preliminary review of the pending motion to dismiss, the balance weighs in favor of a stay of discovery at this time.

**ACCORDINGLY**, this 18th of December 2008, having considered the Defendant's motion for a stay of discovery (Doc. No. 24), **IT IS HEREBY ORDERED THAT** the Defendant's motion is **GRANTED**. Discovery is stayed pending resolution of the Defendant's

motion to dismiss Plaintiff's amended complaint.  (Doc. No. 22.)

          s/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania